*Court of Common Pleas, Dauphin County, May* 12*th,* 1859.

Fox *v.* PHILADELPHIA AND READING RAILROAD COMPANY.

When there is an award of arbitrators under a verbal agreement to submit matters in dispute, judgment cannot be taken on this award for want of a sufficient affidavit of defence.

BY THE COURT.—The plaintiff filed his cause of action with his narr in this case on the 27th day of October, 1858, and on the 17th day of December, 1858, entered judgment for want of an affidavit of defence. The defendant's counsel moved to strike off the judgment on the ground that the claim does not come within the 52d rule of court requiring such affidavit. The action is founded on an award of arbitrators, made under a verbal submission entered into between the parties for the purpose of ascertaining the amount of damages done to the plaintiff's property by the construction of the defendant's road. Had the submission been in writing, signed by the parties, and the award made in the form set forth, I incline to think that the judgment could have been sustained, that it would have been "an instrument of writing for the payment of money" within the rule; and although not a direct obligation to pay a *certain* sum, yet it would be an agreement to pay so much as other persons would determine to be due, and that evidenced by the signature of the party to be charged. Such an agreement was held to come within the act of Assembly, from which our rule is substantially framed, in

Bayard *v.* Gillaspy (1 Miles, 256). It is true that case was decided by a divided court, and the opinion of the dissenting judge appears to be the best reasoned; but I would yield to it as an authority to support this judgment. Unfortunately for the plaintiff, he has no writing or agreement signed by the party proposed to be charged, which in our opinion is necessary to bring the case within the rule. Bayard *v.* Gillaspy fully recognizes the necessity of the party signing the agreement to refer, and of the narr being founded on the written agreement as well as on the award. It is very certain that where parties verbally submit their disputes to an arbitrator, the law implies a contract to pay according to his determination; but no affidavit of defence is required in suits brought on implied contracts. (Woodwell *v.* The Bluff Mining Company, 1 C. 365.) Our rule, after speaking of bills, notes, bonds, records, etc., mentions other instruments of writing for the payment of money. This we construe to mean other instruments of like character, signed by the person to be charged, for whom claims for "the loan or advance of money, whether the same be reduced to writing or not;" and when book debts are introduced the rule requires that an affidavit, setting forth the terms of the loan or advance when not in writing, with the dates and amount thereof, shall be filed, and also a copy of the book debt, with a statement, under oath, of the amount due, before the defendant could be called on to make an affidavit. This subject was before us, and carefully considered in Karthaus *v.* The Insurance Company (1 Pearson, 104) a few years since, and our opinion filed setting aside a judgment entered on what the plaintiff considered an award, but which we decided to be an appraisement. But it is there said that had it been an award, the affidavit was unnecessary. For some years after the enactment of the law requiring the affidavit of defence in Philadelphia, the courts of that city held that no case came within its provisions which required the averment of extraneous facts to support the claim. The doctrine is now exploded by the decisions of the Supreme Court, and, therefore, where an obligation for the payment of money purports to be signed by an agent, such agency may be averred and must be met and denied by an affidavit of defence (7 Casey, 80). There are other cases to the same effect. But we hold that no claim comes within the law or our rule, except when authenticated by the signature of the party to be charged, purporting to be signed by himself or his authorized agent, on loans or advances of money, directly made to or for the party named, and such claims, when not signed, must be verified by the affidavit of the plaintiff in the case.

We are of the opinion that the claim filed did not require an affidavit of defence, the judgment was consequently entered without authority, and must be set aside.